# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

SHARON M. CARLSEN                                                          PLAINTIFF

v.                             Case No. 1:17-CV-00081-BSM-BD

SOCIAL SECURITY ADMINISTRATION                                             DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections should explain the factual or legal basis for the objection. To be considered, objections must be received by the Clerk of Court within 14 days of this Recommendation. By not objecting, parties risk waiving the right to appeal questions of fact.

## RECOMMENDATIONS

Sharon Carlsen applied for social security disability benefits with an alleged disability onset date of January 1, 2011. (R. at 76). After a hearing, the administrative law judge ("ALJ") denied the application. (R. at 50). The Appeals Council denied review. (R. at 1). Ms. Carlsen requested judicial review, and the district court reversed and remanded. (R. at 435–38). After another hearing, the ALJ once again denied her application. (R. at 338). The Appeals Council declined to take further action. (R. at 325). Ms. Carlsen filed this appeal, again requesting judicial review.

**I.     The Commissioner's Decision:**

Ms. Carlsen was last insured under the terms of the Social Security Act on September 30, 2011. (R. at 332). The ALJ found that, through the date last insured, Ms. Carlsen had the following severe impairments: asthma and fatigue. (R. at 332). Due to those impairments, the ALJ found that, through the date last insured, Ms. Carlsen had the residual functional capacity ("RFC") to perform sedentary work except she was limited to occasional climbing, stooping, crouching, kneeling, and crawling; would have to avoid heavy chemicals, dust, fumes, humidity, and strong perfume; and would have to work inside in a climate-controlled environment. (R. at 333). The ALJ found that this RFC would allow Ms. Carlsen to perform her past relevant work as a transportation broker as actually performed. (R. at 338). The ALJ, therefore, found that Ms. Carlsen was not disabled. (R. at 338).

**II.     Discussion:**

The Court's duty in this appeal is to review the Commissioner's decision for legal error and to assure that the decision is supported by substantial evidence on the whole record. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

Ms. Carlsen argues that the ALJ erred in finding that her depression and anxiety were non-severe impairments. She also argues that the ALJ's decision is otherwise not supported by substantial evidence on the record as a whole.

The ALJ specifically found that Ms. Carlsen's depression and anxiety were not severe impairments, despite diagnoses. (R. at 332). Ms. Carlsen had been prescribed medication for anxiety and depression, namely Wellbutrin, Buspar, and Doxepin. (R. at 303, 307). Despite this, there is no evidence of other treatment for anxiety or depression during the relevant time period. While Ms. Carlsen did testify that she lacked insurance at the time, this testimony is insufficient to overcome the lack of medical evidence pointing to a severe mental impairment. (R. at 370–71, 375). The objective medical evidence and treatment records simply do not show that Ms. Carlsen's depression and anxiety imposed more than minimal limitations on her ability to work.

Furthermore, the record is sparse concerning Ms. Carlsen's physical limitations during the relevant period. Ms. Carlsen's treating physician opined that she had severe limitations during the relevant period, but this opinion was rendered in April 2015, well after the relevant period ended. (R. at 317–24). Treatment records contain nothing to support the level of limitation that Ms. Carlsen's treating physician found. The lack of treatment and the lack of support for the treating physician's opinion make it difficult to conclude that the ALJ's decision is unsupported by substantial evidence on the record as a whole.

A court may not reverse simply because it would have decided case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The only question before the Court is

whether there is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Id.* Because the medical evidence does not support a finding limitation to the extent that Ms. Carlsen alleges, the ALJ's decision should be affirmed.

## III.    Recommended Disposition:

The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the Commissioner's decision should be AFFIRMED.

DATED this 19th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE